10-4364-cv
Bader v. Goldman Sachs et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
             PETER W. HALL,
             GERARD E. LYNCH,
             DENNY CHIN,
                         *Circuit Judges.*

_____

JEFFREY W. BADER,

                         *Plaintiff-Appellant*,

             v.                                                    No. 10-4364-cv

GOLDMAN SACHS GROUP, INCORPORATED,
LLOYD C. BLANKFEIN, ALAN M. COHEN,
GARY D. COHN, JON WINKELRIED,
JOHN H. BRYAN, CLAES DAHLBACK,
STEPHEN FRIEDMAN, WILLIAM W. GEORGE,
RAJAT K. GUPTA, JAMES A. JOHNSON,
LOIS D. JULIBER, EDWARD M. LIDDY,
RUTH J. SIMMONS, JOHN S. WEINBERG,
KEVIN W. KENNEDY, DAVID A. VINIAR,
GREGORY K. PALM, ESTA E. STECHER,
SARA G. SMITH,

                         *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          MICHAEL H. ROSNER, Levi & Korsinsky, LLP,
                                  (Eduard Korsinsky, Gloria Kui Melwani, W. Scott
                                  Holleman, Allen Schwartz, *on the brief*), New
                                  York, New York.

FOR DEFENDANTS-APPELLEES:      DAVID M.J. REIN, Sullivan & Cromwell LLP, (Gandolfo V. DiBlasi, David H. Braff, *on the brief*), New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.  Briefly, Plaintiff-Appellant Jeffrey M. Bader, a Goldman Sachs, Incorporated ("Goldman") shareholder, filed this derivative lawsuit against Goldman and its board of directors (collectively, "Appellees"), challenging certain disclosures in the proxy statement Goldman distributed at its 2008 shareholders' meeting.  Specifically, Bader alleged that Appellees had misrepresented the method by which Goldman valued the stock options granted to certain directors, and that the options were undervalued.  Bader had filed a similar lawsuit regarding the proxy statement for Goldman's 2007 shareholders' meeting, which the district court dismissed because Bader had not made a demand on Goldman's board of directors and had not demonstrated that demand would be futile.  *See Bader v. Blankfein (Bader I)*, No. 07-1130, 2008 WL 5274442, at *7-*9 (E.D.N.Y. Dec. 19, 2008).  Relying on *Bader I*, the district court held that the doctrine of collateral estoppel, or issue preclusion, prevented Bader from relitigating whether making demand on the board of directors was futile, and thus dismissed this action.  Bader timely appeals.

I.      **Discussion**

"We review the district court's dismissal of [an] action on collateral estoppel grounds *de novo*."  *Johnston v. Arbitrium (Cayman Is.) Handels AG*, 198 F.3d 342, 346 (2d Cir. 1999).

Among other elements, the party seeking to invoke issue preclusion has the burden of proving that "the identical issue was raised in a previous proceeding." *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011) (quotation marks omitted). "If the issues are not identical, there is no collateral estoppel." *Id.* (quotation marks and alteration omitted).

Under Delaware law, which applies to this case, if at least half the board members are "interested," demand is excused. *See Beneville v. York*, 769 A.2d 80, 86 (Del. Ch. 2000). "A director is interested if he will be materially affected, either to his benefit or detriment, by a decision of the board, in a manner not shared by the corporation and the stockholders." *Seminaris v. Landa*, 662 A.2d 1350, 1354 (Del. Ch. 1995). In *Bader I*, Bader alleged that there directors were "interested" because they received allegedly undervalued stock options, and that at least six other directors were "interested" because Goldman supported business or charitable entities with which they were associated. The district court held that the latter group of directors was not "interested." *Bader I*, 2008 WL 5274442, at *8-*9. It determined that demand was not excused because the remaining allegations of interestedness only related to a minority of the directors. *Id.* at *9. Accordingly, the district court did not reach the issue of whether the receipt of undervalued options causes a director to be "interested."

In this case, by contrast, Bader's Second Amended Complaint alleged that six of twelve directors—Blankfein, Cohn, Winkelried, Bryan, Dahlbäck, and Johnson—were interested by virtue of having received undervalued stock options. Therefore, the question of whether the receipt of undervalued options renders a director "interested" becomes dispositive of the demand futility issue. Because the district court in *Bader I* never reached the dispositive issue in this

3

case, this case should not have been dismissed on collateral estoppel grounds.[1] *See Republic of Ecuador*, 638 F.3d at 400 (for collateral estoppel to apply, the issue mush have been actually decided in the prior proceeding).

## II.      Conclusion

Although we may affirm the district court's judgment on any ground supported by the record, *Blackman v. New York City Transit Authority*, 491 F.3d 95, 100 (2d Cir. 2007) (per curiam), we are not obligated to do so.  We decline to reach Appellees' alternative arguments for affirmance.  For the foregoing reasons, the district court's judgment is VACATED and this case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]
     The district court relied, in part, on a First Circuit opinion which stated that "even if there is not complete identity between the issues, issue preclusion may be appropriate where the issues overlap substantially." *In re Sonus Networks, Inc. S'holder Derivative Litig.*, 499 F.3d 47, 62 (1st Cir. 2007).  Under this circuit's rule, however, collateral estoppel applies to bar relitigation only of identical issues.  *See Republic of Ecuador*, 638 F.3d at 400.